UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**Kenneth Bextermueller** and
**Debra Bextermueller**,

    Plaintiffs,

v.                                                    2:24-cv-688-SPC-NPM

**Unknown Claimants**,

    Defendants.

## ORDER

Plaintiffs[1] Kenneth and Debra Bextermueller are the owners of a 1997 Sea Ray Bow Rider 280, Hull ID# SERT11711697 (the "vessel"). The vessel was involved in a maritime incident resulting from Hurricane Ian on or about September 28, 2022, on the navigable waters of the United States near Fort Myers, Florida. Seeking to minimize or eliminate their exposure for the incident, they brought this action under the Limitation of Liability Act.

Along with their complaint, plaintiffs filed an ad interim stipulation for the value of their vessel as security for any claims against them or their property arising from the incident. And before the court is plaintiffs' motion to approve the

---

[1] A party seeking exoneration from or limitation of liability in admiralty files a complaint and thereby commences a civil action as a plaintiff. *See* Supplemental Rule F. In orders, notices, pleadings, and other papers in this action, Kenneth and Debra Bextermueller should therefore be referred to as plaintiffs rather than petitioners.

ad interim stipulation, enjoin any related proceeding, and set a claim-filing deadline following the publication of a court-approved notice. (Doc. 11). But because plaintiffs' ad interim stipulation does not constitute adequate security, the motion is **denied without prejudice**.

To safeguard the interests of claimants, Supplemental Rule F and section 30529 of the Limitation of Liability Act require a plaintiff to provide security at the commencement of a limitation action. That security may be "an amount equal to the value of the owner's interest in the vessel and pending freight" or an alternative "approved security." 46 U.S.C. § 30529(b)(1)(A); Fed. R. Civ. P. Supp. F(1). "The posting of proper and adequate security is a condition precedent to obtaining the benefits of the Act[.]" *In re Mongelli*, No. 8:23-cv-1618-TPB-CPT, 2023 WL 5104895, *1 (M.D. Fla. Aug. 9, 2023) (internal citations omitted); 46 U.S.C. § 30529(c). "Ultimately, the court possesses great discretion in determining just what constitutes appropriate security." *In re Petition of Paradise Fam., LLC*, No. 8:24-cv-1161-KKM-UAM, 2024 WL 3377796, *2 (M.D. Fla. July 11, 2024)

One form of approved security is an ad interim stipulation. This is the vessel owner's statement of the vessel's value and an agreement to be held liable for the vessel's value, backed by assurance from the vessel's insurer that it will pay the stated value. *Id.* When properly submitted, the ad interim stipulation "is deemed a

substitute for the vessel and may stand as security for a claim up to the stipulated amount." *In re Petnuch*, No. 3:20-cv-497-J-32PDB, 2020 WL 4206369, *1 (M.D. Fla. July 22, 2020).

Plaintiffs have provided an ad interim stipulation as security in lieu of depositing cash into the court's registry. (Doc. 4). The stipulation states the value of the vessel ($21,392.50) and identifies the vessel's insurer, Florida Farm Bureau General Insurance Company, as surety. And it provides assurances that Florida Farm will pay the vessel's value as the court orders. (Doc. 4). But these assurances come from plaintiffs, not Florida Farm itself. To supply adequate security, an ad interim stipulation customarily includes a letter of undertaking—a letter in which the insurer promises to pay the insured value of the vessel. But plaintiffs' stipulation does not. And "[c]ourts have rejected ad interim stipulations that do not attach letters of undertaking, for fear that they do not provide sufficient security to potential claimants." *In re Petition of Paradise Fam.*, LLC, No. 8:24-cv-1161-KKM-UAM, 2024 WL 3012981, *3 (M.D. Fla. June 14, 2024) (collecting cases); *see also Matter of Carpe Diem 1969 LLC*, No. cv 2017-56, 2018 WL 1463687, *2 (D.V.I. Mar. 23, 2018) (noting that "at the very least" an ad interim stipulation "should require a letter of undertaking executed by an appropriate surety"). This court shares that same concern.

Without a letter of undertaking, "the Court is not convinced plaintiffs' ad

interim stipulation…will protect claimants in the manner contemplated by the Act and the Supplemental Rules." *Matter of Complaint of Cannons Marina, Inc.*, No. 8:19-cv-1781-T-02CPT, 2019 WL 13245180, *3 (M.D. Fla. Aug. 22, 2019). Accordingly, plaintiffs' motion to approve ad interim stipulation (Doc. 11) is **denied without prejudice**.[2]

**ORDERED** on August 15, 2024

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

---

[2] Notably, the present form of the ad interim stipulation also fails to provide security for costs. *See* Fed. R. Civ. P. Supp. F(1).