# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

KENNETH BEXTERMUELLER and
DEBRA BEXTERMUELLER,

     Plaintiffs,

v.                          2:24-cv-688-SPC-NPM
                                 IN ADMIRALTY

UNKNOWN CLAIMANTS,

     Defendants.

---

## ORDER APPROVING LETTER OF UNDERTAKING
## AND DIRECTING NOTICE

     As the owners of a 1997 Sea Ray Bow Rider 280, Hull ID# SERT11711697

(the "vessel"), and with respect to any claims against them or their property arising

from or related to a maritime incident resulting from Hurricane Ian on or about

September 28, 2022, on the navigable waters of the United States near Fort Myers,

Florida, plaintiffs[1] Kenneth and Debra Bextermueller have provided a letter of

undertaking as interim security for the benefit of claimants. (Doc. 13-1). Upon

approval of the security, the Bextermuellers request an order approving notice to

all potential claimants and directing them to file their claims and any answers to

---

[1]    A party seeking exoneration from or limitation of liability in admiralty files a complaint and thereby commences a civil action as a plaintiff. *See* Supplemental Rule F. In orders, notices, pleadings, and other papers in this action, Kenneth and Debra Bextermueller should therefore be referred to as plaintiffs rather than "petitioners."

the complaint in this action by a date certain. The Bextermuellers also request an injunction that enjoins the further prosecution of any action or proceeding against them or their property with respect to any claim subject to limitation in this action. The Bextermuellers' motion (Doc. 14) is **GRANTED IN PART**.

As security for the benefit of claimants, the Bextermuellers have deposited with the court a letter of undertaking by Farm Bureau Mutual Insurance Company of Arkansas, Inc., as surety, in the amount of $21,392.50 with interest at six percent per annum and costs as required by the rules of this court and by the law. The letter of undertaking is accepted as interim security for the benefit of claimants. The Bextermuellers and any claimant who becomes a party to this action may contest the value of the Bextermuellers' interest in the vessel or the interim security according to applicable law. If the amount in the letter of undertaking is not contested by any claimant herein, said amount shall stand as a stipulation for value and an appraisal will not be required.

Because the letter of undertaking constitutes approved security, "all claims and proceedings against the owner related to the matter in question shall cease." 46 U.S.C. § 30511(c). If, despite this automatic stay provide by statute, any claimant continues to prosecute any other action or proceeding against the Bextermuellers or their property with respect to any claim subject to limitation in this action, then the Bextermuellers may apply for, and the court must grant, an

injunction enjoining further prosecution. *See* Supplemental Rule F(3).

By **October 22, 2024**, all persons or entities claiming damage for any and all loss, destruction, damage, injuries, and/or death allegedly as a result of the occurrences and happenings recited in the complaint must file their respective claims with the clerk of this court and serve on or mail to plaintiffs' counsel copies thereof. By the same date, all persons or entities presenting claims and desiring to contest the allegations of the complaint must file an answer to the complaint in this court and must serve on or mail to plaintiffs' counsel copies thereof or be defaulted. The **clerk** is directed to issue the attached notice.

By **November 19, 2024**, the Bextermuellers must certify compliance with the notice provisions of Supplemental Rule F(4), which must include notice by publication in a newspaper of general circulation in Lee County. By **November 25, 2024,** the Bextermuellers must certify compliance with the provisions of Supplemental Rule F(6).

**ORDERED** on August 26, 2024.

NICHOLAS P. MIZELL
United States Magistrate Judge