UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNETH BEXTERMUELLER
and DEBRA BEXTERMUELLER,
as owners of a 1997 Sea Ray Bow
Rider 280 motor vessel, for
exoneration from or limitation of
liability,

        Petitioners,

   v.

ALEXANDER EATON,

        Claimant,

Case No.: 2:24-cv-688-SPC-NPM

_____/

## **ORDER**

Before the Court are (1) Petitioners Kenneth and Debra Bextermueller's
Motion for Rule 11 Sanctions ("Petitioners' Motion") (Doc. 27) and Claimant
Alexander Eaton's response (Doc. 33); and (2) Claimant's Motion for Rule 11
and 28 U.S.C. § 1927 Sanctions ("Claimant's Motion") (Doc. 32) and Petitioners'
response (Doc. 35). Both motions are premature and are denied.

Some background first. Claimant filed an action in state court, alleging
that Petitioners' boat damaged his dock, boat lift, and property in Hurricane
Ian. *See Alexander Eaton v. Kenneth Bextermueller and Debra Bextermueller*,
Case No. 2024-CA-003374 (Fla. 20th Jud. Cir. 2024). Then, Petitioners filed
this limitation action.

The Court first addresses Petitioners' Motion.  Petitioners move to strike Claimant's request for attorneys' fees in his affirmative defenses (Doc. 17) and for an award of fees and costs associated with bringing the motion.  (Doc. 27).

"The law in the Eleventh Circuit regarding attorneys' fees in maritime disputes is clear."  *Misener Marine Const., Inc. v. Norfolk Dredging Co.*, 594 F.3d 832, 838 (11th Cir. 2010).  "The prevailing party in an admiralty case is not entitled to recover its attorneys' fees as a matter of course."  *Id.* (citing *Natco Ltd. P'ship v. Moran Towing of Fla., Inc.*, 267 F.3d 1190, 1193 (11th Cir. 2001)).  However, "[t]here are exceptions to the general rule precluding recovery of attorneys' fees."  *Id.* (citing *Natco*, 267 F.3d at 1196 (attorneys' fees were properly awarded in a maritime case where a specific contractual provision was interpreted to provide the recovery of attorneys' fees)). Attorneys' fees will be awarded to the prevailing party in maritime cases if: "(1) they are provided by the statute governing the claim, (2) the nonprevailing party acted in bad faith in the course of the litigation, or (3) there is a contract providing for the indemnification of attorneys' fees."  *Id.* at 1193.  Absent one of these exceptions, a court will not award the prevailing party attorneys' fees.

Petitioners explain that Claimant does not cite a contract or a statute as a basis for attorneys' fees.  (Doc. 27 at 3).  Further, Claimant does not allege bad faith, as this matter sounds in "simple" negligence.  (*Id.*).  In response,

Claimant argues that the mere act of bringing the limitation action was bad faith, and therefore, he is entitled to seek attorneys' fees. (Doc. 33).

Having reviewed the parties' briefs, the Court concludes that the motion is premature. The discovery deadline in this case does not expire for nearly six months—October 31, 2025. (Doc. 31 at 1). While the Court doubts that the mere act of bringing this limitation action constitutes bad faith, it is far too early to determine as much. Therefore, the Court will carry Claimant's request for attorneys' fees with the case. If Claimant prevails and can demonstrate bad faith consistent with Eleventh Circuit law, he may be entitled to attorneys' fees. Accordingly, Petitioners' Motion is denied as premature.

Next, the Court addresses Claimant's Motion. Claimant argues that Petitioners' filing of this action is in bad faith. (Doc. 32 at 6). He contends they are presumptively negligent for unreasonably leaving their boat at his dock during Hurricane Ian. He requests that the Court enter an order sanctioning Plaintiffs under Rule 11 and § 1927 and award all attorneys' fees and costs of the limitation action. Petitioners respond that Claimant's Motion is "more akin to a premature motion for summary judgment to resolve material issues of fact and law." (Doc. 35 at 1).

The Court could not agree with Petitioners more. It is almost unfathomable how Claimant thinks the Court could grant his motion at this early stage of the litigation, particularly when the negligence presumption is

rebuttable. *See Skanska USA Civ. Se. Inc. v. Bagelheads, Inc.*, 75 F.4th 1290, 1302 (11th Cir. 2023) ("the *Louisiana* rule" creates a rebuttable presumption that a vessel is negligent when it collides with a stationary object). Accordingly, Claimant's Motion is denied as premature.

Accordingly, it is now:

**ORDERED:**

1.     Petitioners Kenneth and Debra Bextermueller's Motion for Rule 11 Sanctions (Doc. 27) is **DENIED**.

2.     Claimant Alexander Eaton's Motion for Rule 11 and 28 U.S.C. § 1927 Sanctions (Doc. 32) is **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida on May 5, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record